William CAPACCHIONE, Individually and on Behalf of Cristina Capacchione, a Minor, Plaintiff,

v.

CHARLOTTE–MECKLENBURG BOARD OF EDUCATION, et al., Defendants.

James E. SWANN, et al., Plaintiffs,

v.

The CHARLOTTE–MECKLENBURG BOARD OF EDUCATION, et al., Defendants.

3:97CV482–P.
Civ.A. No. 1974.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 4, 1998.

John O. Pollard, Kevin V. Parsons, McGuire, Woods, Battle & Boothe, L.L.P., Charlotte, NC, William S. Helfand, Stephen A. Katsurinis, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, P.L.L.C., Houston, TX, Lee Meyers, Meyers & Hulse, Charlotte, NC, for William Capacchione.

Anita S. Hodgkiss, James E. Ferguson, Luke Largess, Ferguson, Stein, Wallas, Gresham & Sumter, P.A., Charlotte, NC, Adam Stein, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, Chapel Hill, NC, Elaine Jones, Norman J. Chachkin, Gloria J. Browne, NAACP Legal Defense & Educational Fund, Inc., New York City, for Swann plaintiffs.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, L.L.P., Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte–Mecklenburg Board of Education, Charlotte, NC, for Charlotte–Mecklenburg Schools.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, L.L.P., Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, John W. Borkowski, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte–Mecklenburg Board of Education, Charlotte, NC, for Board of Education of Charlotte–Mecklenburg.

James G. Middlebrooks, Irving M. Brenner, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Hogan & Hartson, L.L.P., Washington, DC, for Susan Burgess.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, L.L.P., Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Hogan & Hartson, L.L.P., Washington, DC, for Dr. Eric Smith.

A. Lee Parks, Kirwan, Parks, Chesin & Miller, P.C., Atlanta, GA, Thomas J. Ashcraft, Charlotte, NC, for Michael P. Grant, Richard Easterling, Lawrence Gauvreau, Karen Bentley, Charles Thompson and Scott C. Willard.

POTTER, Senior District Judge.

**THIS MATTER** is before the Court upon Capacchione's Motion to Intervene [document no. 27, filed on 19 March 1998]. Because there are common issues of law and fact, and the Defendants do not oppose permissive intervention, the Court will grant the Motion to Intervene.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Mr. Capacchione ("Capacchione"), as guardian for his daughter Kristina, alleges that the Charlotte–Mecklenburg Schools' ("CMS") magnet school program provides special benefits that are distinct from its general education program. Further, Capacchione alleges that Kristina was denied the special benefits of the magnet school program, in whole or in part, on account of her

race in violation of the equal protection clause of the Fourteenth Amendment. In contrast, the Charlotte–Mecklenburg Board of Education ("CMBOE") maintains that it instituted its magnet school program while attempting to comply with this Court's continuing orders in *Swann.*

On 6 March 1998, on Motion to Reopen and Consolidate by the *Swann* Plaintiffs and after conducting a hearing on same, the Court reopened *Swann* and consolidated that action with the *Capacchione* matter pursuant to Rule 42(a). The Court specifically determined that the claims in *Capacchione* and *Swann* involved several common issues of law and fact.

Soon after the Court consolidated this action, Capacchione filed this Motion to Intervene as of right pursuant to Rule 24(a), and by permission pursuant to Rule 24(b). Defendants did not object to Capacchione's intervention by permission. They do, however, object to Capacchione's intervention as of right.

## II. DISCUSSION AND ANALYSIS

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a matter as of right—Rule 24(a)—or by permission of the Court—Rule 24(b):

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the application may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(a) & (b).

## A. PERMISSIVE INTERVENTION.

■ Permissive intervention, as the rule provides, is appropriate in circumstances in which (1) the application is timely; (2) the moving party's claim or defense and the main action have a common question of law or fact; and (3) the proposed intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Hill v. Western Electric Co.,* 672 F.2d 381, 386 (4th Cir.1982); 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.10 (3d ed.1997). In this case, the Defendants do not object to permissive intervention because the Court previously determined that the two actions have common questions of law or fact. The Court agrees with the parties and finds that Capacchione is entitled to permissively intervene in the *Swann* matter.

■ Capacchione filed the Motion to Intervene within two weeks of the Court consolidating the actions; therefore, the Motion is timely. *Id.* As previously noted, the Court has already determined that the two actions have common questions of law or fact. Finally, the Court finds that the proposed intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Thus, Capacchione meets all of Rule 24(b)'s requirements for permissive intervention. Consequently, the Court will grant Capacchione's Motion to Intervene.

## B. INTERVENTION OF RIGHT

Because the Court will grant Capacchione's Motion to Intervene under Rule 24(b), the Court need not determine whether Capacchione may intervene as of right under Rule 24(a).

## III. CONCLUSION

In sum, the Court will grant Capacchione's Motion to Intervene because the application was timely filed, there are common questions of law and fact in the two matters, Capacchione's intervention will not unduly delay or prejudice the adjudication of the original par-

ties' rights, and the Defendants do not object to Capacchione's permissive intervention.

### IV. ORDER

**NOW, THEREFORE, IT IS ORDERED** that Capacchione's Motion to Intervene [document no. 27, filed on 19 March 1998] be, and hereby is, **GRANTED.**